UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS RODRIGUEZ-SANTI, | ) |
| | ) |
|                 Plaintiff, | ) |
| v. | )   No.: 17-cv-4086-JBM |
| | ) |
| STEPHANIE DORETHY, *et al.*, | ) |
| | ) |
|                 Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, pursues a § 1983 action for conspiracy, Eighth Amendment inhumane conditions of confinement, and state law claims of battery and intentional infliction of emotional distress at the Henry Hill Correctional Center ("Hill"). He also asserts that IDOC has "municipal liability" due to the policies and practices it has promulgated.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges a variety of claims arising out of his January 26, 2017, 5:30 a.m., fall at Hill. On the date in question, Plaintiff was on his way back from the chow hall when he slipped on ice on the sidewalk. Plaintiff alleges serious injury from hitting the back of his head, arm and

1

side. Plaintiff was returned to his cell and alleges that he didn't realize how severe his injuries were until later that day. When he appeared in sick call to pick up his medications, the nursing staff took him to the health care unit and x-rays were taken.

Plaintiff alleges that he is 75 years old, has a pacemaker to correct his irregular heart rhythm and was subjected to unconstitutionally unsafe conditions. Plaintiff asserts that Warden Dorethy, and the Assistant Warden of Operations, Assistant Warden of Programs, Shift Commander, and Lieutenant, (none of whom are identified by name), failed to have the grounds crew remove the "black ice" prior to allowing him to walk upon it. He also claims that Defendants Grievance Officer Gans, Director Baldwin, and Defendant Knauer of the Administrative Review Board ("ARB") wrongfully denied his grievances on the subject. He claims that Defendants Dorethy, Millard, Baldwin, Knauer and Gans issued false reports which resulted in his being denied a hearing, though he does not identify the nature of the reports or of the hearing.

The Eighth Amendment prohibits punishment which is "incompatible with 'the evolving standards of decency that mark the progress of a maturing society.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A prison official is not liable for inhumane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Additionally, "in order to establish a violation of the Eighth Amendment, a plaintiff must show that a prison official was deliberately indifferent to a substantial risk of serious harm to an

inmate. Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). Here, Plaintiff fails to allege that Defendants were aware that he was at a substantial risk of serious harm and disregarded it. Rather, he appears to allege mere negligence, not the deliberate indifference necessary to plead a constitutional claim. *Id*. at 902.

Furthermore, the courts have generally found that "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations." *Ashlock v. Sexton*, No.14-360, 2016 WL 3476367, at *3 (S.D. Ind. June 27, 2016) (internal citations omitted). "[F]ailing to provide a maximally safe environment, one completely free from ... safety hazards is not [a form of cruel and unusual punishment]." *Velazquez v. Kane Cty. Jail Adult Judicial Ctr.*, No. 13-0644, 2013 WL 523827, at *2 (N.D. Ill. Feb. 11, 2013), citing *Carroll v. DeTella,* 255 F.3d 470, 472–73 (7th Cir. 2000). Plaintiff's conditions of confinement claim is dismissed for failure to state a claim.

Plaintiff's claims that Defendants are constitutionally liable for denying his grievances also fails to state a claim. *Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006)("[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."). "[T]he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). This is because to public employees are liable "for their own misdeeds, and not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir.2009).

Plaintiff's claims that Defendants conspired, submitted false reports and effectively denied him a hearing are unduly vague and fails to apprise Defendants of the claims against them. As a result, they are dismissed. Plaintiff names Jane and John Doe prison officials and Jane and John Doe ARB officials in the caption but does not allege any claims against them.

Merely naming a defendant in the caption is insufficient to state a claim. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). Plaintiff's *Monell* claim against IDOC is also dismissed as IDOC is not a "person" amenable to suite under § 1983. [1] *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

There are substantial deficiencies in Plaintiff's complaint and it appears doubtful that he can successfully sustain, at least the conditions of confinement claim under the facts alleged. Notwithstanding, Plaintiff will be given one opportunity to amend his complaint, consistent with this order.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) Plaintiff's [5] motion for counsel is MOOT, with leave to reassert if he files an amended complaint.

ENTERED: 9/22/2017

                                                                       s/Joe Billy McDade
                                                                       JOE BILLY McDADE
                                                      UNITED STATES DISTRICT JUDGE

---

[1] *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978) (finding a municipality liable for constitutional injury resulting from its policy or practice).